IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
GJ&L, INC. d/b/a BORDER
EQUIPMENT,                      *
                                *
     Plaintiff,                 *
                                *
     v.                         *       CV 124-220
                                *
MCCLOSKEY INT'L LIMITED and     *
JAMES ERIC TEAGUE,              *
                                *
     Defendants.                *
```

## ORDER

On January 15, 2025, the Court held a hearing on Plaintiff's motion for a preliminary injunction (Doc. 14). However, as a threshold matter, the Court addressed the jurisdictional concerns raised in Plaintiff's previously filed motion to remand (Doc. 7) before hearing the merits of the motion for preliminary injunction. After fully considering the Parties' briefs, the record, and the arguments made at the hearing, the Court entered an Oral Order finding a lack of diversity jurisdiction. As explained in greater detail by the Court's Oral Order, the Court found Defendants did not carry the "heavy burden" of establishing by clear and convincing evidence Defendant Teague was fraudulently joined. Stillwell v. Allstate Ins. Co., 663 F. 3d 1329, 1332 (11th Cir. 2011). Because Defendant Teague remains a party to this action, the Court found there is not complete diversity. Therefore, the

Court does not have jurisdiction under 28 U.S.C. § 1332. Notably, this was the sole basis for removal raised in Defendants' notice of removal filed with this Court on December 3, 2024 (Doc. 1).

Nonetheless, at the January 15 hearing, Defendants argued an alternative basis for subject matter jurisdiction pursuant to 9 U.S.C. §§ 203 and 205. Despite Defendants' counsel's contentions this argument was fully briefed in their responses, the record reflects the first and only time this argument was asserted was in a "Supplemental Notice of Removal" filed by Defendants on January 3, 2025. (Doc. 18, at 14-16.) That is, this basis for removal was first raised thirty-one days after Defendants' original notice of removal (Doc. 1) and was completely absent from Defendants' original notice of removal (Doc. 1), their response in opposition to Plaintiff's motion to remand (Doc. 15), their motion to compel arbitration (Doc. 6) and related reply (Doc. 17), and their response to Plaintiff's motion for a preliminary injunction (Doc. 21). At the hearing, Plaintiff's counsel opposed this basis for jurisdiction, arguing the supplemental notice of removal was untimely. After hearing oral arguments from both sides, the Court entered an Oral Order allowing the Parties to file supplemental briefings on the issue by close of business on January 20, 2025, and reserved ruling on the limited grounds of whether this Court has subject matter jurisdiction pursuant to 9 U.S.C. §§ 203 and 205. The Parties thereafter filed timely supplemental briefs. (Doc. 26; Doc. 27.)

2

After fully considering the Parties' briefs, the record, and the arguments made at the hearing, the Court finds Defendants failed to timely amend their notice of removal and invoke federal question jurisdiction. Defendants argue that under the plain language of 9 U.S.C. § 205 the typical thirty-day window for removal does not apply, citing a host of case law in support. (Doc. 26, at 3-6.) The Court agrees. See 9 U.S.C. § 205 ("Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the [New York] Convention, the defendant or the defendants may, *at any time before the trial thereof*, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending.") (emphasis added). The Court also agrees with Defendants' contention that 9 U.S.C. § 205 was enacted to expand the availability of removal to federal court for cases arising under the New York Convention. (Doc. 26, at 6-8.) The statute does so by allowing such cases to be removed at any time before trial, as well as when grounds for removal are not facially apparent from the complaint. Emps. Ins. of Wausau v. Certain Underwriters at Lloyd's, London, 787 F. Supp. 165, 169 (W.D. Wis. 1992).

However, Defendants fatally ignore the second sentence of 9 U.S.C. § 205, which reads in relevant part, "[t]he procedure for removal of causes otherwise provided by law shall apply." "In

other words, although 9 U.S.C. § 205 permits a party to remove an action 'any time before the trial,' the same lenity does not apply to *amendments* to a notice of removal." Intec USA, LLC v. Engle, No. 105CV00468, 2007 WL 1752058, at *4 (M.D.N.C. June 18, 2007) (emphasis added). Rather, amendments remain governed by the general removal rules. Id. In this Circuit, such rules provide that while "[d]efective allegations in a notice of removal may be amended to more sufficiently state subject-matter jurisdiction," "the failure to raise a ground for removal within 30 days of service of the complaint means such theory is deemed waived." Preston Giuliano Cap. Partners, LLC v. Underwriters at Lloyd's London, No. 2:18-CV-51-FTM-29CM, 2018 WL 4178720, at *1 (M.D. Fla. Aug. 31, 2018) (citing Firemen's Ins. Co. of Newark, N.J. v. Robbins Coal Co., 288 F.2d 349 (5th Cir. 1961)).

This general amendment rule has been applied by several courts in this Circuit in the context of raising 9 U.S.C. § 205 as grounds for removal. For example, in Preston, the Court held Defendants waived their § 205 argument for jurisdiction when it could have been raised in the original notice of removal, but instead was raised for the first time in an amended notice of removal filed more than 30 days after the original notice of removal. Id.; see also Bradshaw Constr. Corp. v. Underwriters at Lloyd's, London, No. 15-24382-CIV, 2016 WL 8739603 (S.D. Fla. Jan. 8, 2016) (holding the same) ("Given the Notice of Removal invokes diversity jurisdiction as the sole basis for subject matter jurisdiction,

4

Defendants have waived their opportunity to assert subject matter jurisdiction under 9 U.S.C. [§] 205.") Defendants attempt to distinguish Bradshaw, pointing out that the decision there turned in part on the severe delay and prejudice that would result from allowing an untimely amendment. (Doc. 26, at 12-13.) The Court, however, does not find a material distinction here, as Plaintiff *would* suffer prejudice by continued delays. Plaintiff's attempt to seek emergency injunctive relief has been punted not once, but twice, because of Defendants' tactics. (Doc. 27, at 1-2.) Without deciding the merits of the injunctive relief claims, the Court acknowledges these continued delays in a hearing on the issue may very well prejudice Plaintiff.

Defendants also argue the policy underlying 9 U.S.C. § 205 supports a broad reading of that statute. (Doc. 26, at 7-9.) However, in Employers Ins. Of Wausua, the court held that, regardless of the policy objectives underlying § 205, "[Defendant's] oversight [in not timely raising § 205 as a basis for removal] should not be rewarded by giving them a second try at removal and a second chance to delay the arbitration of this dispute." 787 F. Supp. at 170 (declining to exercise jurisdiction when Defendants raised § 205 as a basis for removal for the first time in their second attempt at removal). The court expanded upon the underlying purpose of the New York Convention, "which is to expedite the resolution of commercial disputes." Id. Thus, while the objectives of 9 U.S.C. § 205 favor a liberal construction with

5

to 9 U.S.C. § 205, as is required by case law in this circuit. (Doc. 26, at 9.) However, this argument again ignores the holdings in Bradshaw and Preston, finding that under nearly identical facts, Defendant had waived this right. See generally, 2016 WL 8739603; 2018 WL 4178720. Not only did Defendants fail to raise this ground for removal in their original notice, they also failed to mention it in their brief in opposition to Plaintiff's motion to remand. (See Doc. 1; Doc. 15.) Rather, they waited thirty-one days after filing their notice of removal to raise the issue at the bottom of a supplemental notice of removal. (Doc. 18, 14-16.) Moreover, this basis for jurisdiction was not readily apparent from the face of the complaint. (See Doc. 1-1.) Thus, the Court finds that by failing to timely amend their notice of removal within the 30-day window, Defendants waived their ability to assert jurisdiction pursuant to 9 U.S.C. §§ 203 and 205. Based on the foregoing, this Court lacks subject matter jurisdiction over the action, and Plaintiff's motion to remand is **GRANTED**.

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand (Doc. 7) is **GRANTED**. The Clerk is **DIRECTED** to **REMAND** this case to the Superior Court of Columbia County, Georgia. The Clerk is further **DIRECTED** to **TERMINATE** all remaining pending motions, if any, and **CLOSE** this case.

**DIRECTED** to **TERMINATE** all remaining pending motions, if any, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 21ST day of January, 2025.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA